**Ignacio Atilano GEMARTINO,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–71983.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Ignacio Atilano Gemartino, Santa Barbara, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

512

MEMORANDUM **

Ignacio Atilano Gemartino, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand.

In his opening brief, Atilano Gemartino fails to address, and therefore has waived any challenge to, the IJ's determination that he was statutorily ineligible for cancellation of removal for failure to establish good moral character because he admitted he paid an alien smuggler to help his wife unlawfully enter the United States. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

Atilano Gemartino's equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NA-CARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' ").

Atilano Gemartino's contentions regarding the adequacy of the BIA's summary opinion are foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure peri-

od to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

